THIS was an action by the bank against an indorser, on a note drawn by Jacob Forsett, payable to Wm. D. Waples, or order; and indorsed by him to plaintiffs.
It was proved that the indorser specially requested the bank not to protest this note, and expressly waived notice, saying he would, always renew his indorsement, and hold himself liable without protest or notice. It was in consequence of this request, that the note was not protested. The drawer had no funds in bank at the time the note fell due, nor at any other time. The note had been renewed several times with the indorsement of Wm. D. Waples. It was allowed to run over several times, in consequence of this request of Waples, and he afterwards renewed his indorsement; at the last maturity he was sick, and had since died. There was no presentation of the note, or notice, on the day of payment.
The defendant moved a nonsuit, for want of protest and notice.
Bayard, jr., and Houston. — The obligation of an indorser is conditional, viz: that if the drawer shall not meet the note at maturity, the indorser will do it for him, upon notice of the failure. The attempt is to prove an antecedent agreement of Col. Waples, that he would pay the note, with or without notice of dishonor; which is a different agreement from that entered into by indorsing the note.
The suit is against the representative of Waples as an indorser; but the proof is of a contract of general guaranty, different from the contract of an indorser. As indorser, the defendant must be charged according to that contract, viz: by protest and notice. The subsequent verbal contract of Waples is a substitute for the contract of indorsement; and, being a mere verbal promise to pay the debt of another, is void under the statute of frauds.
What is the contract of an indorser? It is this: I, A. B., promise to pay this note to the holder at maturity, provided it is duly presented at the time and place of payment, and due notice be given to me of non-payment by the drawer. This contract is implied by the indorsement of the payee's name, and the holder has the right to write this contract over the name, but no other. Doubtless the payee could himself vary it by writing any thing over his signature; but the holder cannot; and the mere indorsement implies nothing *Page 430 
else than this. This written contract cannot, therefore, be varied by proof of the parol agreement of the payee to dispense with notice. (1Harr. Rep. 15; Bank W. Brandywine vs. Cooper'sAdm'r., Bos. Civ. Ev. 170, 164, 196; 8 Taunt, Rep. 92; 1Ch. Bills 199.)
The waiver of notice must be after dishonor of the bill, to dispense with the protest, and notice; a previous waiver by an indorser is without consideration, and does not bind.
The Court refused the nonsuit without hearing the other side. (1Greenleaf's Ev. 153, § 184.) "The want of a protest is excused by proof that the defendant requested, that in case of the dishonor of the bill, no protest should be made. (Story on Bills, § 275, 280; Chitty Hulme on Bills 452; 2 Stark Ev. 270; 3 N.Hamp. Rep. 32, Barry vs. Morse; 8 Taunt. 92; 4Com. Law Rep. 31.)
 The plaintiff had a verdict.